IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CAUSAM ENTERPRISES, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> XYLEM INC. <br><br> *Defendant*. | Civil Action No. 6:21-CV-00752 |

**DEFENDANT XYLEM INC.'S UNOPPOSED
MOTION TO STAY PENDING RESOLUTION OF
<u>PROCEEDINGS AT THE INTERNATIONAL TRADE COMMISSION</u>**

Defendant Xylem Inc. ("Defendant" or "Xylem") respectfully moves the Court, pursuant to its discretion and consistent with 28 U.S.C. § 1659(a), to stay this action in its entirety until the proceeding between the parties before the International Trade Commission ("ITC") becomes final.  Plaintiff Causam Enterprises, Inc.'s ("Plaintiff" or "Causam") does not oppose this motion.

On July 22, 2021, Causam filed a complaint in this Court (the "Complaint") accusing Xylem of infringing U.S. Patent Nos. 9,678,522 ("'522 Patent"); 10,394,268 ("'268 Patent"); 10,396,592 ("'592 Patent"); and 8,805,552 ("'552 Patent") (collectively, the "Asserted Patents"). *See* Dkt. No. 1.  On July 28, 2021, Causam filed a complaint with the ITC (the "ITC Complaint") requesting an investigation pursuant to Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337. The ITC Complaint alleges infringement of the Asserted Patents by Xylem.  Pursuant to the ITC's governing regulations, the ITC will determine whether to institute the requested Investigation within 30 days of receipt of the Complaint.  19 C.F.R. § 210.10(a)(1).  A copy of Causam's ITC Complaint is attached as Exhibit A.

The mandatory stay provision of 28 U.S.C. § 1659(a) states as follows:

> **(a)** **Stay.**—In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
>> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>> (2) 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a). A stay issued under this statute remains in effect during any appeals and "until the Commission proceedings are no longer subject to judicial review." *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007).

Xylem's request for a stay is consistent with 28 U.S.C. § 1659(a). First, the Complaint involves the same Asserted Patents as the ITC Complaint. Second, the plaintiff in this Court, Causam, is also the complainant before the ITC, and the defendant in this Court, Xylem, is named as a proposed respondent in Causam's Complaint filed with the ITC. Third, the Complaint in this Court and the pending ITC Investigation both involve the same issues—the alleged infringement of the same patents asserted in both this Court and the ITC.

Xylem moves for a discretionary stay and/or a mandatory stay under 28 U.S.C. § 1659(a)(1)-(2) in view of the fact that the Investigation requested in Causam's Complaint with the ITC has not yet instituted. If the ITC declines to institute the requested Investigation or declines to name Xylem as a respondent, Xylem will promptly notify the Court.

For the reasons detailed above, Xylem requests that the Court enter an order staying this action in its entirety until the ITC Investigation becomes final, including any appeals, and until the ITC Investigation is no longer subject to judicial review.

|  |  |
|---|---|
| Dated:  August 6, 2021 | Respectfully submitted,<br><br>By: */s/ Brett C. Govett*<br>     Brett C. Govett<br>**NORTON ROSE FULBRIGHT US LLP**<br>Brett C. Govett<br>State Bar No. 08235900<br>2200 Ross Avenue, Suite 3600<br>Dallas, Texas 75201<br>Tel: 214.855.8118<br>Fax: 214.855.8200<br>brett.govett@nortonrosefulbright.com<br><br>Counsel for Defendant,<br>**XYLEM INC.** |

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed electronically pursuant to Local Rule CV-5(a) on August 6, 2021. Pursuant to Local Rule CV-5(a) and the Western District's *Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases*, this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.

*/s/ Brett C. Govett*
Brett C. Govett

**CERTIFICATE OF CONFERENCE**

I hereby certify that, pursuant to Local Rule CV-7(g), I contacted counsel for Plaintiff concerning the relief sought in this motion on August 6, 2021. On August 6, 2021, counsel for Plaintiff informed me that Plaintiff does not oppose this motion.

*/s/ Brett C. Govett*
Brett C. Govett